608

T. H. SMALLWOOD, ETC., Petitioner, *v.* DISTRICT
COURT OF SAN JUAN, Respondent.

No. 1088.   Argued November 16, 1936.—Decided November 18, 1936.

*Luis Ríos Algarín* for petitioner.   Respondent Judge filed a reply
to the petition for certiorari.   *H. González Blanes* for A. Bias-
coechea, attachment creditor in civil action No. 25408 in the Dis-
trict Court of San Juan.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

T. H. Smallwood, doing business under the name of Smallwood Brothers, filed in the District Court of San Juan a sworn statement in accordance with the Conditional Sales Act approved on April 13, 1916 (Laws, p. 246) and Act No. 88 of August 22 of the same year (Laws p. 670). He stated therein that Wilfredo Norat had failed to pay six instalments due on a Ford Station Wagon which was sold to him on a conditional sale contract dated March 16, 1935, and registered in the Department of the Interior on March 20 following.

The buyer Norat, who was summoned for a hearing and served with copy of the summons, of the sworn statement and of the return, did not appear at the hearing, and after it was shown that the buyer had not complied with the conditions of the contract of conditional sale, the court entered an order directing the marshal to seize the automobile "removing it from the possession of the defendant or of any other person" and to deliver it to the plaintiff for the purposes provided by law. The marshal refused to execute the said order, and in the return stated:

"That the automobile was *in custodia legis* by virtue of an attachment levied in civil case no. 25408, of the District Court of San Juan, Alberto Biascoechea *v.* Carolina Bus Line Inc.

"That he could not find Wilfredo Norat.

"That he considered himself without legal authority to decide whether the automobile belonged to Norat or to the Carolina Bus Line, Inc."

On September 3, 1936, the conditional seller filed a motion requesting the court to order the marshal to deliver the car notwithstanding the attachment levied on it.

After a hearing, at which only the petitioner appeared, the court denied the motion saying:

"Having studied the question, the court considers that although the proceeding for repossession of property to which the conditional sales act refers, and which is one between the seller and the buyer,

provides that the property may be repossessed wherever it may be found, it does not prevent a third party from attaching the property sold conditionally, nor does it provide that, when such an attachment is levied and the property is seized and is held *in custodia legis,* it can be delivered on the mere presentation of an order for repossession, since that would constitute the loss or abandonment of the attachment, or the lien on the property attached. *Oronoz & Co.* v. *Alvarez,* 23 P.R.R. 497. And the court could not, on a simple motion in the repossession proceeding, to which the attachment creditor is not a party, decide the right which he might have to the property as against the conditional seller."

The case has been sent up to us on a writ of certiorari to review the order entered by the district court.

At the hearing appeared the attorney for petitioner, and attorneys F. Fernández Cuyar and Héctor González Blanes, representing Alberto Biascoechea, who alleges an interest in the controversy because he had attached the automobile involved in this case in a civil action brought by him against the Carolina Bus Line, Inc., which had bought the automobile from Wilfredo Norat.

Counsel for the attachment creditor, Biascoechea, argue that the district court could not determine the rights of all the parties interested in the automobile within the proceeding to repossess brought by Smallwood Brothers, and that such a determination could only be made in an ordinary third party proceeding.

The contract of conditional sale made between Smallwood Brothers and Norat contains, among others, the following stipulations:

(a) "That the said vehicle shall remain the absolute property of the Seller, its heirs, successors or assigns until such time as the Buyer shall have paid the total amount of the stipulated instalments and until he shall have fulfilled each and every one of the conditions to which this contract holds him, it being then only that the said vehicle shall become the property of the buyer.

(b) " . . . The buyer shall not pledge or dispose of the said vehicle in any way, etc.

(c) " . . . If the buyer should attempt to sell, encumber or lend the said vehicle or to send it outside of Puerto Rico while this contract is in force then the Seller, its heirs, successors or assigns, may take possession of the said vehicle in the manner provided by law.

(d) "By this contract it is expressly agreed among all the parties that, in case of failure to fulfill any of the obligations or part thereof, the seller Reserves and shall have the right to proceed immediately to repossess the car sold in accordance with the laws in force for that purpose, etc."

We shall overlook the question of the legal effect, as to third parties, of the prohibition against transfer contained in the contract cited and shall examine only the question of the rights of a subsequent buyer of personal property originally sold on a duly registered contract of conditional sale.

The conditional sales act provides that when the thing sold is delivered to the buyer; all the conditions and reservations stipulated in the contract, to the effect that the title to the thing sold is retained by the conditional seller until the purchase price is paid, shall be null and void in respect to subsequent buyers, bailees or mortgagees in good faith, or other third persons; and that as to such third persons the sale shall be considered absolute, unless the conditional sale contract containing such conditions and reservations shall have been registered as required by the same act. See: Section 3 of Act no. 61 of April 13, 1916. We must hold, a converso, that if the contract which contains the conditions and reservations has been properly registered, then the sale cannot be considered absolute in respect to a subsequent buyer and the latter cannot have greater rights than those which the act grants to the original conditional buyer, according to the well-known maxim nemo dat qui non habet. The subsequent buyer acquires a property right subject to a condition subsequent, which is the only thing which the original buyer could transfer to him. See Montalvo v. Valdivieso, 38 P.R.R. 487; Rubio Salinas v. Salvador R. Nin, Inc., 48 P.R.R. 952.

■■ Since the record shows that the contract containing the conditions and reservations copied above was duly registered in the Registry of the Department of the Interior on March 20, 1935, under no. 30,314, we must hold that any person claiming a right to the automobile in question, whether as a subsequent buyer or as the holder of any lien on the automobile, acquired after the date of registration of the contract of conditional sale, is in the same position legally as the original conditional buyer, under the conditions and reservations of the conditional sale, which are binding on any subsequent possessor. In other words, assuming that the conditional buyer has a right to sell the property before having paid the total amount of the instalments stipulated, in spite of the express prohibition of the contract, we must hold that the subsequent buyer or one who acquires a lien or levies an attachment on the property acquires only the same rights which the original buyer had, subject to the right of the seller to rescind the sale and recover possession of the thing sold in case of failure to fulfill the conditions on which the sale was made.

■■ We cannot accept the theory of counsel for Mr. Biascoechea, which was adopted by the lower court, that the conditional seller is bound, in order to establish his rights as such, to resort to a plenary third party action. To accept such a theory would be to destroy completely the effect and fundamental purpose of the Conditional Sales Act, which is to give the conditional seller security and protection against the possible fraud of a buyer, and a speedy and adequate legal remedy to recover summarily the possession of the property over which this right has been expressly reserved. The record in the registry provided by law is a notice or warning to the subsequent buyer or to any person who claims a right or lien subsidiary to the latter, that the original "conditional buyer" does not have absolute title to the property sold to him conditionally and that he will not acquire such title until he shall have paid the full amount of the

stipulated instalments. And not only the registry, but the act itself, warns the subsequent purchaser of a chattel sold conditionally by registered contract, that the conditional seller can recover its possession if the conditions subsequent under which the sale was made are not fulfilled.

The conditional seller may, by the proceeding authorized by Section 6 of Act no. 61 of 1916 (Laws, p. 126), amended by Act no. 40 of June 27, 1925 (Laws, p. 246) recover the property sold conditionally upon breach of the conditions of the sale, and may bring the action not only against the original conditional buyer but also against any subsequent buyer who may possess the property sold, or against any other person who may claim any right or lien over the same.

We are of the opinion that the lower court erred in holding that Smallwood Brothers is obliged to resort to a plenary third party action in order to recover the possession of the automobile sold to Norat and sold by the latter to the Carolina Bus Line, Inc., in whose possession it was attached by Biascoechea. The main object of a third party action is to determine in one action the title to a certain object to which different and conflicting titles are claimed.

In the instant case there is no conflict of title whatever. The right reserved by Smallwood Brothers, as conditional seller, to recover possession of the car in case the buyer or his assignee should fail to pay the instalments agreed on, is a preferential right.

Section 6 of the Conditional Sales Act, amended by Act no. 40 of 1925, recognizes the right of the seller to proceed to recover the car, by the special proceeding provided in said act, against the buyer or his assignee. Insofar as pertinent the said act provides:

"Section 6.—Whenever articles are sold upon the condition that the title thereto shall remain in the vendor, or in some other person than the vendee, until the payment of the purchase price, or until the occurrence of a future event or contingency, the same may be

retaken by the vendor, or his successor in interest, on the breach of the condition, and in such case they shall be retained for a period of thirty days from the time of such retaking, and during such period the vendee, or his successor in interest, may comply with the terms of such contract, and thereupon receive such property . . . . *Provided,* That to enable the conditional vendor to recover the movable goods or chattels, the object of the contract, for retention during the aforesaid term of thirty days, he shall file with the judge of such court as may have jurisdiction in the case, an affidavit showing that the conditional vendee has failed to observe the terms of the contract of sale and that the claim is made in good faith and he shall attach to such affidavit a copy of the contract of conditional sale, containing a statement of its registration in the Conditional Sales Register hereby established. Upon receipt by the judge of the affidavit and of the copy of the contract, *he shall cite the parties concerned to a hearing which shall be held within the ten days following the date of the citation,* and after having called them orally to hear the case, if he deems the buyer has failed to comply with the condition, he shall issue an order directing the marshal to seize the claimed property which the marshal shall deliver to the conditional vendor, subject to the provisions of this Act. . . . '' (Italics ours.)

The district court could have an should have decided the controversy among Smallwood Brothers, as seller, Wilfred Norat, as conditional buyer, Carolina Bus Line, Inc., as subsequent buyer, and Alberto Biascoechea, as a creditor attaching a car sold conditionally within the special proceeding for repossession brought by the conditional seller, summoning all the parties interested to a hearing which should be held within ten days following the date of the summons. The lower court erred in not doing so.

■ We must hold, on the other hand, that the subsequent buyer or assignee of the property sold conditionally and the creditor who attached the interest which the former may have acquired in the property, cannot be deprived of their interest or right without being heard and without an opportunity to defend themselves. If the proceeding established by Section 6, *supra,* to recover possession of the automobile sold to Norat is, as we believe, due process of law as to

Norat, the original buyer, it must also be such as to the subsequent buyer and the attachment creditor, who acquired the interests or rights which they may have, respectively, with notice of the record in the public registry for contracts of conditional sale of motor vehicles.

The order reviewed must be vacated and the case remanded to the lower court for further proceedings not inconsistent with the terms of this opinion.

Mr. Chief Justice Del Toro took no part in the decision of this case.